UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE VANA STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Civil Action No. 12-737 (JEB) |

## MEMORANDUM OPINION

Plaintiff Yvonne Stewart brought this *pro se* action to complain of treatment she received at a post office on Alabama Avenue in Southeast Washington. The Government now moves to dismiss, arguing that its sovereign immunity deprives the Court of subject-matter jurisdiction. Agreeing, the Court will grant the Motion.

**I.     Background**

According to Plaintiff's one-paragraph Complaint, which must at this juncture be presumed true, Stewart visited the Frederick Douglass Post Office on Alabama Avenue on March 1, 2012, to obtain a money order and mail an item. See Compl. at 1. As has occurred before, one of the employees "harassed" Plaintiff by telling her that she was in the wrong line and must wait for another postal clerk. Id. at 1-2. Plaintiff also notes that she had complained about the service in her building, and that a supervisor had asked if she was the "'light-skinned lady'" in the building. Id. at 2. In sum, Plaintiff believes that the postal workers at the Frederick Douglass branch "are just not professional." Id.

Although one might surmise that a telephone call to Plaintiff with an explanation or a simple apology could have ended this suit – thereby obviating the need to expend legal and

judicial resources – the Government instead filed a Motion to Dismiss, alleging a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II. Legal Standard

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of motions under both Rules 12(b)(1) and 12(b)(6). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same).  The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear her claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the

complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens, 402 F.3d at 1253; see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings").

### III.   Analysis

In moving to dismiss, the Government argues that Plaintiff's failure to exhaust her administrative remedies means that sovereign immunity deprives the Court of subject-matter jurisdiction to hear the case.  "[S]uits for damages against the United States under the common law must be brought pursuant to the limited waiver of sovereign immunity in the [Federal Tort Claims Act.]" Benoit v. U.S. Dept. of Agriculture, 608 F.3d 17, 20 (D.C. Cir. 2010).  Sovereign immunity, moreover, "is jurisdictional in nature." FDIC v. Meyer, 510 U.S. 471, 475 (1994); see also Ali v. Rumsfeld, 649 F.3d 762, 775 (D.C. Cir. 2011) (failure to exhaust administrative remedies in FTCA case jurisdictional).  In order to obtain a waiver of such immunity, a plaintiff must, under the FTCA, "have exhausted his administrative remedy before filing suit." Benoit, 608 F.3d at 20 (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

In order to satisfy the FTCA's administrative-exhaustion requirements, a plaintiff must first present her claim to the appropriate federal agency within two years of the claim's accrual. 28 U.S.C. § 2401(b).  There is no allegation either in her Complaint or in her Response to Defendant's Motion to Dismiss that Plaintiff has taken any steps toward exhaustion of her claim. This alone requires a dismissal of her case, as the Court has no jurisdiction to hear it.

Even if Plaintiff had exhausted her administrative remedies, it is hardly apparent that she has a claim that could survive dismissal.  Although we all hope to receive courteous service at the establishments we patronize – whether private or governmental – mere rudeness or unpleasantness does not a lawsuit make.

A separate Order dismissing the case for lack of subject-matter jurisdiction shall issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  August 22, 2012